IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELA CHRISTINE HOLLIDAY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action 21-89 |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| | ) | |
| Commissioner of Social Security | ) | |

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Angela Christine Holliday ("Holliday") brought this action for review of the final decision of the Commissioner of Social Security denying her social security claim. Holliday applied for supplemental security income benefits in 2019, alleging that she became disabled on January 15, 2019. (R. 206-22). The initial claim was denied. (R. 130-139, 142-149). Following a telephonic hearing, during which Holliday was represented by counsel, the ALJ denied benefits. (R. 12-25). Following a denial of review by the Appeals Council, Holliday appealed. The parties have filed Cross-Motions for Summary Judgment. *See* ECF Docket Nos. 12 and 14.

### Opinion

1. Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

to review the transcripts and records on which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence.  Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.*  The Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson,* 402 U.S. at 390, 91 S. Ct. 1420.

A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.,* 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses,

and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

2. The ALJ's Decision

At step one, the ALJ determined that Holliday had not engaged in substantial gainful activity since the alleged onset date. (R. 14). At step two, the ALJ found that Holliday suffered from the following severe impairments: history of cerebrovascular accident (CVA) without residuals, obesity, chronic obstructive pulmonary disease (COPD) / emphysema, asthma, right shoulder tendonitis, anxiety, and depression. (R. 15-16). Turning to the third step, the ALJ concluded that those impairments, considered singly or in combination, did not meet or medically equal the severity of a listed impairment. (R. 16-19). The ALJ then found that Holliday had the residual functional capacity ("RFC") to perform sedentary work with certain restrictions. (R. 19-23). Finding that Holliday was unable to perform past relevant work, the ALJ concluded that, considering her age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that she can perform. (R. 24-25). Specifically, the ALJ concluded that Holliday could perform the requirements of representative occupations such as: document preparer, assembly table worker, and stuffer. (R. 24-25). Consequently, the ALJ denied benefits.

3. Discussion[2]

_____

[2] I note that Holliday's arguments are limited to her cardiac issues. Consequently, this Opinion is limited to a discussion of these issues.

Holliday challenges the ALJ's decision in several respects. None are convincing. For the reasons set forth below, I reject Holliday' contentions.

A. Step Two - Severe Impairments

Holliday argues that the ALJ erred insofar as he failed to consider whether certain conditions constituted "severe impairments." I disagree. A review of the record indicates that the ALJ considered Holliday's cardiac conditions, including paroxysmal atrial fibrillation. (R. 15). Additionally, contrary to Holliday's assertions, the ALJ explicitly discussed the results of the Holter monitor test. (R. 15). The ALJ noted that the test showed "no significant episodes of bradycardia, heart block, or sinus pauses." (R. 15). Indeed, the ALJ engaged in a thorough discussion of Holliday's cardiac conditions.

Further, the ALJ did not deny Holliday's application for benefits at step two of the analysis. Rather, the ALJ found in Holliday's favor at step two when he concluded that Holliday's  history of cerebrovascular accident (CVA) without residuals, obesity, chronic obstructive pulmonary disease (COPD) / emphysema, asthma, right shoulder tendonitis, anxiety and depression constituted severe impairments. (R. 15-16). The ALJ ruled against Holliday only later in the sequential evaluation process, after concluding that her residual functional capacity was sufficient to enable her to perform jobs that exist in significant numbers in the national economy. Thus, even accepting Holliday's position as correct for purposes of argument, such errors were harmless because the ALJ found that she suffered from other impairments which did qualify as "severe." *See Salles v. Comm'r. of Soc. Sec*., 229 Fed. Appx. 140, 145 n. 2 (3d Cir. 2007) (stating that, "[b]ecause the ALJ found in Salles' favor at Step Two, even if he had erroneously concluded that some of her other impairments were non-severe, any error was

4

harmless."), *citing, Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005). *See also*, *Bliss v. Astrue*, Civ. No. 8-980, 2009 WL 413757, at * 1 n. 1  (W.D. Pa. Feb. 18, 2009) (stating that, "as long as a claim is not denied at step two, it is not generally necessary for the ALJ to have specifically found any additional alleged impairments to be severe…. Since Plaintiff's claim was not denied at step two, it does not matter whether the ALJ correctly or incorrectly found Plaintiff's neuropathy and sleep apnea to be non-severe.").

B. RFC

Holliday also faults the ALJ  for failing to consider Dr. Christopher Pray's opinions. (ECF No. 13, p. 17). Citing to Social Security Ruling 96-8p, Holliday urges that an RFC assessment must always consider and address medical source opinions and in cases where the RFC assessment conflicts with a medical opinion, the ALJ must explain why the opinion was not adopted. According to Holliday, here the ALJ did not acknowledge Pray's diagnosis of chest pressure associated with dyspnea and did not explain any failure to adopt the diagnosis.

Again, Holliday's assertions lack persuasive value. Although there are medical records, Pray's records relate to a single visit Holiday made for a second opinion. (R. 887-891). The record is devoid of any functional limitations. It is well-established that a diagnosis alone does not demonstrate disability. *Foley v. Commissioner of Soc. Sec.*, 349 Fed. Appx. 805, 808 (3d Cir. 2009), *citing, Petition of Sullivan*, 904 F.2d 826, 845 (3d Cir. 1990). The diagnosis must be accompanied by functional limitations on a claimant's ability to perform work related activities. Further, "[a] written evaluation of every piece of evidence is not required, as long as the ALJ articulates at some minimum

level her analysis of a particular line of evidence." *Phillips v. Barnhart*, 91 Fed. Appx. 775, 780 n.7 (3d Cir. 2004), *citing, Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). As set forth above, it is clear that the ALJ sufficiently analyzed the evidence pertaining to Holliday's cardiac condition.

Indeed, the ALJ considered the prior administrative medical findings of Dr. Mortimer and Dr. Polito, who both found that Holliday could perform light duty work even considering her cardiac condition. (R. 23, 58-60, 99-101). The ALJ concluded that these findings were "less than fully persuasive" because Drs. Mortimer and Polito did not have the opportunity to hear Holliday testify. (R. 23). Weighing Holliday's testimony in connection with the opinion evidence and medical records, the ALJ determined that a more restrictive RFC was appropriate. Consequently, he restricted her to sedentary work with additional limitations. (R. 15, 21). As such, it is clear that the ALJ considered Holliday's subjective statements.[3]

C. Hypotheticals

Finally, Holliday takes issue with the ALJ's formulation of hypotheticals posed to the VE. Specifically, she urges that the ALJ should have included functional limitations associated with chest pressure in the hypotheticals. Holliday's argument is unconvincing. As stated above, Dr. Pray did not include any functional limitations associated with chest pressure. At most, he simply recorded Holliday's subjective complaints. "[T]he mere memorialization of a claimant's subjective complaints in a

---

[3] Indeed, the ALJ stated that he considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSR 16-3p." (R. 19). Moreover, the ALJ followed the proper method in assessing Holliday's symptoms and pain. That is, he first determined whether there was an underlying medically determinable physical or mental impairment that could reasonably be expected to produce Holliday's pain or other symptoms, then he evaluated the intensity, persistence, and limiting effects of those symptoms. (R. 19-23).

medical report does not elevate those statements to a medical opinion." *Morris v. Barnhart*, 78 Fed. Appx. 820, 824 (3d Cir. 2003). The ALJ had already explained his reasons for not including these impairments in the RFC and those reasons are supported by substantial evidence of record. Therefore, the ALJ was fully justified in not including these alleged impairments in the hypothetical. *Sejeck v. Barryhill*, Civ. No. 18-16734, 2019 WL 7207506, at * 8 (D. N.J. Dec. 27, 2019), *citing, Schmits v. Astrue*, 386 Fed. Appx. 71, 76 (3d Cir. 2010). As such, I find no error or basis for remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANGELA CHRISTINE HOLLIDAY          )
        Plaintiff,          )
                            )
  -vs-                             )          Civil Action No. 21-89
                            )
KILO KIJAKAZI,                     )
                            )
Commissioner of Social Security, Defendant.          )

AMBROSE, Senior District Judge.


## ORDER OF COURT

Therefore, this 28th day of January, 2022, it is hereby ORDERED that the Motion for Summary Judgment (Docket No. 12) is DENIED and the Motion for Summary Judgment (Docket No. 14) is GRANTED. The Clerk of Courts shall mark this case "Closed" forthwith.

BY THE COURT:

Donetta W. Ambrose
United States Senior District Judge

8